UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN BLOCKSOM,

    Petitioner,

v.

PAUL KLEE,

    Respondent.
_____/

Case No. 11-cv-14859
Hon. Matthew F. Leitman

## **ORDER DENYING MOTION FOR BOND PENDING REVIEW OF PETITIONER'S HABEAS PETITION (ECF #26)**

### **INTRODUCTION**

The United States Supreme Court has repeatedly emphasized that federal habeas relief functions only as a "guard against extreme malfunctions in the state criminal justice systems." *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 786 (2011). Petitioner Stephen Blocksom ("Blocksom") has made a substantial preliminary showing here – through supporting affidavits and transcript excerpts – that he may have been the victim of just such an "extreme malfunction."

Blocksom entered into a very favorable plea agreement – so favorable that, at sentencing, a state court judge declined to impose the sentence that Blocksom had agreed to serve. Instead, the judge gave Blocksom two options: (1) persist in his plea and serve a slightly longer sentence or (2) withdraw the plea and go to trial. The judge then made statements that Blocksom reasonably could have

1

interpreted to mean that if he withdrew the plea and went to trial, his maximum exposure following a conviction would be one year in custody. Blocksom's appointed defense attorney also apparently told Blocksom that his maximum exposure would be one year in custody if he withdrew his plea and proceeded to trial. Blocksom says that in reliance on the statements by the judge and his lawyer, he withdrew his plea and proceeded to trial.

In reality, Blocksom's maximum exposure upon withdrawing his plea was *not* one year in custody. Rather, Blocksom's exposure once he withdrew his plea was *life in prison*. Blocksom was convicted at trial and ultimately sentenced to 9-20 years in state prison – a term that is between 9 and 20 times greater than the maximum exposure he was apparently told that he would face if convicted at trial.

Blocksom appealed, and his appointed appellate lawyer filed Blocksom's appeal before ordering, and before ever reviewing, the district court transcripts – which, of course, would have revealed the state court judge's statements about Blocksom's maximum sentencing exposure. And Blocksom's appellate counsel did not argue on appeal that Blocksom's trial counsel was ineffective for providing inaccurate advice regarding Blocksom's maximum potential sentence.

If proven, all of this would appear to amount to the very type of "extreme malfunction" that would entitle Blocksom federal habeas relief.

Respondent counters that Blocksom's entitlement to relief depends, in part, on Blocksom's credibility – on whether a court believes that Blocksom, in fact, relied upon the advice of his attorney and the statements by the state court judge – and Respondent rightly points out that he has not yet had an opportunity to cross-examine Blocksom on the reliance issue. Respondent further insists that Blocksom could not have reasonably relied on the statements at issue by the state court judge. Respondent likewise raises a number of procedural objections to Blocksom's claim for relief. All of Respondent's arguments warrant serious consideration.

Blocksom seeks habeas relief on two claims: ineffective assistance of trial counsel and ineffective assistance of appellate counsel. Currently before the Court is Blocksom's request for release on bond pending review of these habeas claims. (*See* ECF #26.) Because Blocksom has not exhausted his ineffective assistance claims in state court, this Court has entered an Order holding his habeas petition in abeyance and allowing him to present the claims to a state court in a motion for relief from judgment under Rule 6.500 *et seq.* of the Michigan Court Rules. (*See* ECF #43.) Blocksom asks this Court to release him from custody while the state court reviews his claims and, if the state court denies the claims, while this Court then reviews them. (*See* ECF #26.)

Despite the strength of Blocksom's preliminary showing on the merits, for all of the reasons stated herein, the Court **DENIES** his motion for release on bond.

A petitioner seeking release on bond pending federal review of his habeas claims – i.e., before obtaining any relief – bears a very high burden and must make a showing of exceptional circumstances going beyond the strength of his claims on their merits. Blocksom has not made such a showing, and he is thus not entitled to an order from this Court releasing him at this time. Blocksom may ultimately be entitled to relief from this Court, but he is not entitled to release now.

## RELEVANT FACTUAL BACKGROUND[1]

On December 29, 2005, Blocksom was charged in a two-count Misdemeanor Complaint in the 95B District Court for the State of Michigan. (*See* the "Misdemeanor Complaint," ECF #21-2 at 1, Pg. ID 906.) Count I charged indecent exposure in violation of M.C.L. § 750.335a; that charge was a one-year-misdemeanor. (*See id*.) Count II charged Blocksom with being a sexually delinquent person in violation of M.C.L. § 750.10a. (*See id.*) This charge subjected Blocksom to an enhanced sentence of "1 day to life." (*See id*.) Attorney Thomas Byczek was appointed to represent Blocksom in the state district court (hereinafter, Blocksom's "district court attorney").

Prior to Blocksom's scheduled trial, his district court attorney and the state-court prosecutor reached an agreement on a plea bargain. As the prosecutor

---

[1] In setting forth the factual background above, the Court is not making any factual findings. Instead, it is setting forth the facts as it understands them based upon the current state of the record.

explained during a March 31, 2006, plea hearing, "[i]n exchange for an acceptable plea of guilty or no contest to the charge of Indecent Exposure, [the State of Michigan would] dismiss the Sexually Delinquent Person Notice and recommend a 30 day jail cap." (ECF #21-5 at 3, Pg. ID 927.) Pursuant to this agreement, Blocksom entered a plea of no contest and the state district court accepted that plea.

On May 18, 2006, Blocksom appeared before the state district court for sentencing. At that sentencing hearing, the state district court judge refused to accept the prosecution's recommendation of a 30-day sentence. The judge told Blocksom instead that he would impose a sentence of 180-days in custody, with 90 days suspended. (*See* ECF #21-6 at 4-5, Pg. ID 936-937.) The judge also told Blocksom that because he intended to impose a stricter sentence than the one to which Blocksom had agreed in his plea bargain, that Blocksom had the "option [] of withdrawing [his] plea" and proceeding to trial. (*Id.* at 5, Pg. ID 937.) Critically, the judge also informed Blocksom that if he went to trial, that "I would be free to sentence you up to a maximum of a year in the county jail." (*Id.*) The judge said nothing about any possible greater exposure – i.e., beyond the one-year sentence – that Blocksom could face if he withdrew his plea and proceeded to trial.

Before making a decision on the state district court's offer, Blocksom met with his district court attorney. That attorney explained to Blocksom the two

5

options he had to choose from: (1) maintain his plea and accept the district court's stiffer sentence; or (2) withdraw his plea and go to trial, with the understanding that if Blocksom was convicted, Blocksom could be sentenced to a year in custody. According to Blocksom, his district court attorney specifically told him that even if he was convicted, his maximum possible sentence was one year and that the enhanced sentence for the sexually delinquent person charge was "off the table." (*Affidavit of Stephen Blocksom*, ECF #22-2 at ¶3.) Blocksom's district court attorney has further confirmed that, at the time of this conversation with Blocksom, it was his belief that Blocksom could only "face a sentence of one year." (*Affidavit of Thomas Byczek*, ECF #22-1 at ¶5.) After weighing these options, Blocksom chose to withdraw his plea and go to trial in the district court on the misdemeanor indecent exposure charge. Blocksom was convicted at trial.

On July 13, 2006, before the state district court could impose a sentence on Blocksom, the state-court prosecutor filed a felony Information in the 41st Circuit Court that contained the same two charges as the Misdemeanor Complaint: Indecent Exposure and Sexually Delinquent Person. (*See* ECF #21-3 at 1, Pg. ID 916.) Blocksom thereafter went to trial in the state circuit court. At this second trial, the jury was informed that Blocksom was guilty of the predicate Indecent Exposure offense and that its only decision was to determine whether Blocksom was or was not a Sexually Delinquent Person under Michigan law. The jury

concluded that Blocksom was a Sexually Delinquent Person, and the state circuit court imposed a sentence of 9-20 years in custody. Blocksom has now served approximately eight years of that sentence.

Following Blocksom's conviction, attorney Michael Skinner was appointed to represent Blocksom in Blocksom's appeal (hereinafter, Blocksom's "appellate counsel"). Blocksom's appellate counsel filed an appellate brief with the Michigan Court of Appeals on October 18, 2007. Importantly, this brief was filed before Blocksom's appellate counsel ever ordered or had a chance to review the district court transcripts, which were not prepared and filed with the Michigan Court of Appeals until early November. Blocksom's appellate counsel did not seek relief for Blocksom based upon (1) the state district court's statement that if Blocksom withdrew his plea, that the state district court could only sentence Blocksom to a year in custody, and (2) Blocksom's district court attorney wrongly informing Blocksom that, if convicted at trial, Blocksom faced a maximum sentence of one year.

In early December 2007, Blocksom's appellate counsel informed the Michigan Court of Appeals that he had become seriously ill and that he would be requesting substitute counsel be appointed to replace him in Blocksom's appeal. Substitute counsel, however, was never appointed, and Blocksom's appellate counsel took no further action to advance Blocksom's appeal. Appellate counsel,

for example, never supplemented Blocksom's initial appellate briefing to include information related to the district court transcripts once they were prepared, did not file a reply brief in support of Blocksom's appeal, and did not participate in oral argument. Appellate counsel now concedes that the district court transcript – which he failed to review before submitting Blocksom's appellate brief – "gives rise to an obvious claim of ineffective assistance of counsel on the basis that Mr. Blocksom was misinformed about the potential consequences of withdrawing his misdemeanor no contest plea," and that he had no "strategic purpose" for failing to raise an ineffective assistance of counsel claim in Blocksom's appeal. (*See Affidavit of Michael Skinner*, ECF #22-5 at ¶¶6-7.)

On October 21, 2008, the Michigan Court of Appeals denied Blocksom's appeal and affirmed his sentence. *See People v. Blocksom*, 2008 WL 4648846 (Mich. Ct. App. Oct. 21, 2008). Blocksom, without the assistance of his appellate counsel, filed a *pro se* Application for Leave to Appeal with the Michigan Supreme Court on December 4, 2008. The Michigan Supreme Court denied that application on June 10, 2009. (*See* ECF #22-4 at 4, Pg. ID 980.)

On November 4, 2011, Blocksom, acting *pro se*, filed a petition for a writ of habeas corpus in this Court. (*See* ECF #1.) This Court appointed the Federal Defender's Office to represent Blocksom in these federal habeas proceedings on March 21, 2014. (*See* ECF #12.) Blocksom thereafter filed an unopposed motion

to amend his habeas petition to add claims for ineffective assistance of trial counsel and ineffective assistance of appellate counsel. (*See* ECF #22.) The Court granted Blocksom's motion to amend on August 5, 2014. (*See* ECF #23.)

Blocksom filed his instant Motion for Bond on September 10, 2014. (*See* ECF #26.) On December 18, 2014, the Court entered an Order staying – in all respects except for the Court's consideration of this bond motion – this federal habeas proceeding so that Blocksom could first present his claims in state court. (*See* ECF #43.) The Court held oral argument on Blocksom's motion on December 8, 2014, and for all the reasons stated herein, it denies Blocksom's request for bond.

## **ANALYSIS**

This Court has "inherent authority" to grant bond to a habeas petitioner while his petition is under review. *Nash v. Eberlin*, 437 F.3d 519, 526, n. 10 (6th Cir. 2006). But that authority is narrow. "Since a habeas petitioner is appealing a presumptively valid state court conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993). "In order to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some

circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice." *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (quoting *Aronson v. May*, 85 S.Ct. 3, 5, 13 (1964) (Douglas, J., in chambers)). Simply put, "[m]erely to find that there is a substantial question is far from enough." *Lee*, 989 F.2d at 871 (quoting *Glynn v. Donnelly*, 470 F.2d 95, 98 (1st Cir. 1972)).

Neither the United States Supreme Court nor the United States Court of Appeals for the Sixth Circuit has provided definitive guidance for determining whether a petitioner's "circumstances" are so "exceptional" as to justify release pending review of his habeas claims. Unpublished decisions from this Court suggest that "exceptional circumstances" warranting release during review "have been limited to situations where (1) the prisoner was gravely ill, (2) the prisoner committed a minor crime and is serving a short sentence, or (3) possibly where there was an extraordinary delay in processing the habeas petition." *Scheidler v. Berghuis*, 07-cv-01346, 2008 WL 161899 (E.D. Mich. 2008) (citations omitted); *see also Milstead v. Sherry*, 07–cv-15332, 2009 WL 728540 (E.D. Mich. 2009) (citation omitted). This much is clear: federal courts very rarely find "exceptional circumstances" and very rarely release petitioners before ruling on the merits of

their claims. Indeed, there seem to be but a handful of decisions in which federal courts have released petitioners pending review of their claims.[2]

Blocksom's claim of exceptional circumstances does not fit into any of the three categories mentioned in this Court's above-cited decisions, nor are his circumstances "exceptional" in any other respect. Stripped to its essence, Blocksom's "exceptional circumstances" claim is that (1) the errors here were truly egregious and (2) it is fundamentally unfair for him to serve even one day more in custody than the one-year maximum he was told he could face if he withdrew his plea. But having a very strong habeas claim, as Blocksom says he does, is plainly not enough to warrant release pending review. *Lee, supra.* And, almost by definition, every petitioner who is actually entitled to relief based upon an available and meritorious habeas claim, as Blocksom insists he is, suffers fundamental unfairness – the serving of a sentence that is tainted by serious constitutional error and that would not have been imposed but for the error. Thus, Blocksom's claim of unfairness does not meaningfully distinguish him from other

---

[2] Coincidentally, this Court is one of the few that has released a petitioner pending review of his claims. *See Puertas v. Overton*, 272 F.Supp.2d 621 (E.D. Mich. 2003). In *Puertas*, this Court found that the petitioner's grave medical condition amounted to "exceptional circumstances," which, when coupled with his showing of a substantial legal claim, entitled him to release pending review. The petitioner in *Puertas* suffered from advanced bladder cancer, and the Court did not believe that he could receive adequate treatment in custody. Thus, the "exceptional circumstance" was that keeping the petitioner in custody could lead to his death. *See Puertas*, 272 F.Supp.2d at 628-30.

petitioners with winning habeas claims – and does not make his case "exceptional."[3]

Blocksom resists this conclusion. Blocksom distinguishes himself from most other habeas petitioners with meritorious claims on the ground that he is entitled to an *unconditional* writ of habeas corpus – one that will preclude any further proceedings against, or incarceration of, him. Even if Blocksom is correct with respect to the type of writ that would issue if he prevails (and Respondent insists he is wrong), that would not elevate Blocksom's circumstances to the "exceptional" level. Indeed, Blocksom has not cited any authority for the proposition that the type of habeas relief to potentially be granted – i.e., a conditional versus and unconditional writ – is relevant to whether the "exceptional circumstances" requirement is satisfied.

The Court further notes that the conclusions of the mental health experts who have evaluated Blocksom weigh against releasing him at this time. (*See* ECF ## 32, 33, and 40.)

## CONCLUSION

For the reasons explained above, **IT IS HEREBY ORDERED** that Blocksom's motion for release on bond (ECF #26) is **DENIED**. While Blocksom

---

[3] It is at least conceivable that in some future case a petitioner may make a showing of fundamental unfairness that is so distinct from other petitioners that it elevates his circumstances to truly "exceptional." But Blocksom has not made such a showing here.

is not entitled to release at this time, he deserves prompt and careful review of his serious claims.

s/Matthew F. Leitman<br>
MATTHEW F. LEITMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: January 22, 2015

    I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 22, 2015, by electronic means and/or ordinary mail.

s/Holly A. Monda<br>
Case Manager<br>
(313) 234-5113